```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                          :
ALEXANDRIA COTTRELL                       :
                                          :
                                          :
                                          :
v.                                        :    CIV. NO. 3:12CV1559 (WWE)
                                          :
BUNN-O-MATIC CORPORATION,                 :
ET AL                                     :
```

<u>RULING ON PLAINTIFF'S MOTION TO DETERMINE REASONABLE FEE
FOR DEFENDANT'S EXPERT [Doc. #72]</u>

In this action, plaintiff Alexandria Cottrell asserts product liability claims against defendants Bunn-O-Matic Corporation and National DCP, LLC. [Sec. Amended Compl., Doc. #62]. Plaintiff's claims arise from injuries she sustained from using an allegedly defective and unreasonably dangerous coffee maker. [<u>Id.</u>]. On January 16, 2014, defendant Bunn-O-Matic disclosed its "product failure and warning expert," Steven Pietropaolo, P.E. Plaintiff noticed Mr. Pietropaolo's deposition for April 25, 2014. In advance thereof, plaintiff received Mr. Pietropaolo's fee schedule which seeks to charge plaintiff a flat rate of $2,500.00 for a half-day of deposition (four hours or less), and $5,000.00 for a full-day deposition. Plaintiff moves for an order setting a reasonable fee for Mr. Pietropaolo's appearance at his deposition. [Doc. #72]. For the reasons that follow, the Court **GRANTS in part** plaintiff's motion.

Plaintiff argues that Mr. Pietropaolo's claimed testimony fee is "absurdly high" and amounts to $625.00 per hour, assuming that his deposition lasts four (4) hours. Plaintiff does not seek to avoid her obligations to pay Mr. Pietropaolo's fees, but

1

requests that the Court set his hourly deposition rate in line with that charged by plaintiff's expert, namely $255.00 per hour.  Defendant objects to plaintiff's motion, and argues that Mr. Pietropaolo's fee for testimony is reasonable and commensurate with his experience. Defendant also argues that "it is customary, usual and reasonable for an expert to demand higher fees for testimony, which is more stressful, partly due to its adversarial nature, and requires a higher level of preparation and precision." [Doc. #75, 6].

    Rule 26 states that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Federal Rule of Civil Procedure 26(b)(4)(E)(i)[1] mandates that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D) […]."  The underlying purpose of Rule 26(b)(4)(E) "is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free of cost." Goldwater v. Postmaster Gen., 136 F.R.D. 337, 339 (D. Conn. 1991) (citations omitted); Almonte v. Averna Vision & Robotics Inc., No. 11-CV-1088S(Sr), 2014 WL 287586, at *3 (W.D.N.Y. Jan. 24, 2014).  Despite there being "very little authority as to what is meant by the term 'a reasonable fee' in Rule 26(b)(4)[(E)]", Courts in the Second Circuit generally consider

---

[1] Federal Rule of Civil Procedure 26(b)(4)(E) was formerly Rule 26(b)(4)(C).

the following six (6) factors in determining reasonableness under Rule 26(b)(4)(E):

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Goldwater, 136 F.R.D. at 339-40; Almonte, 2014 WL 287586, at *3 (citation omitted); Ortiz v. Aircraft Serv. Int'l, No. 12 CV 3233(ENV)(RML), 2013 WL 5307995, at *1 (E.D.N.Y. Sept. 19, 2013) (citations omitted).  "In addition, courts look to (1) the fee actually being charged to the party who retained the expert; and (2) fees traditionally charged by the expert on related matters." Conte v. Newsday, Inc., No. CV 06-4859(JFB)(ETB), 2012 WL 37545, at *2 (E.D.N.Y. Jan, 9, 2012) (citation omitted).

Defendant submits that Mr. Pietropaolo is an expert in the field of forensic investigations of product defects and accident/injuries, and electro/mechanical system failures. [Doc. #75, 3; #75-3, 2-3].  Pursuant to his curriculum vitae, Mr. Pietropaolo is a Licensed Professional Engineer (P.E.), with over "twenty five (25) years of hands on engineering experience including, electrical, mechanical, materials, safety, fire protection and instruction." [Doc. #75-4, 1].  Mr. Pietropaolo received his bachelor degree of engineering in 1987 and a masters degree of mechanical engineering in 1999, both from Manhattan College. [Id.]. Mr. Pietropaolo is a licensed engineer in the states of New York, Connecticut, New Hampshire, Florida, Vermont, and Delaware. [Id.]. In addition to numerous

3

certifications, Mr. Pietropaolo is also a member of several professional organizations, including the American Society of Mechanical Engineers. [Id. at 1, 10]. Mr. Pietropaolo's expertise and training are clear in light of his impressive and detailed curriculum vitae.

The Court next considers the prevailing rates of other comparable experts. Plaintiff's expert Peter Chen, also a Licensed Professional Engineer, charges $255.00 per hour for all services. Other engineers in Mr. Chen's firm charge up to $360.00 per hour. [Doc. #72, 7]. Mr. Chen is located in Shelton, Connecticut. By contrast, Mr. Pietropaolo customarily seeks $2,500.00 for a half day of testimony (anything less than four hours), and $5,000.00 for an entire day of testimony. Mr. Pietropaolo's hourly deposition rate, assuming he testifies for an entire four (4) or eight (8) hours amounts to $625.00 per hour. Although Mr. Pietropaolo seeks a flat rate for his time testifying, he otherwise charges $350.00 per hour for his time. [Doc. #75-6]. Mr. Pietropaolo is billing defendant $350.00 for his work. [Doc. #75-3, 3]. Mr. Pietropaolo's firm is located in North White Plains, New York.[2]

Mr. Pietropaolo's expert investigation included the review of documents, participation in a "group exam" of the subject coffee maker at the premises where plaintiff's injury occurred, and "extensive testing of an exemplar machine" on two separate dates. [Doc. #75-3, 4-5].

---

[2] The Court will take judicial notice that North White Plains, New York is closer to New York City than Shelton, Connecticut, and that generally cost of living is higher for areas closer in proximity to New York City.

4

In light of the foregoing factors, the Court finds that Mr. Pietropaolo's flat rate for deposition testimony is unreasonable. See, e.g., Mannarino v. United States, 218 F.R.D. 372, 374-75 (E.D.N.Y. 2003) (finding unreasonable a flat rate of $3,000.00 per day or, part thereof, for expert's testimony); Almonte, 2014 WL 287586, at *3 (finding hourly deposition rate of more than $540.00 unreasonable). Although experts may charge more for their time testifying, "Courts expect some reasonable relationship between the services rendered and the renumeration to which the expert is entitled." Almonte, 2014 WL 287586, at *3 (citing Mannarino, 218 F.R.D. at 375). "By its nature, a flat fee runs counter to this principle." Id.  The Court acknowledges that Mr. Pietropaolo has, at least since 2007, charged a flat rate per day or half day of testimony. [Doc. #75-6]. However, like the Court in Mannarino, this Court is not persuaded by the fact that other opposing parties may have paid flat rates to take Mr. Pietropaolo's deposition. See Mannarino, 218 F.R.D. at 375 ("That other parties in other cases have not objected to [the expert's flat rate] has no bearing on whether it is fair to plaintiff in this case.").

"While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert." Almonte, 2014 WL 287586, at *3 (quoting Reit v. Post Props., Inc., No. 09 Civ. 5455, 2010 WL 4537044, at *2 (S.D.N.Y. Nov. 4 2010)). Therefore, in light of the above case law, the documentation provided by defendant, and the other factors considered, the Court finds that $425.00 is a reasonable hourly deposition rate, and that

5

Mr. Pietropaolo should be compensated accordingly.  Should any further disputes arise regarding Mr. Pietropaolo's claimed fee, the parties should contact the Court for a telephone conference.

For the reasons set forth herein, the plaintiff's motion to determine reasonable fee for defendant's expert [Doc. #72] is **GRANTED in part.**

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 21st day of April 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE